UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JONATHAN R PLOUET #465656**         **CASE NO. 6:19-CV-00315 SEC P**

**VERSUS**                                                  **JUDGE JUNEAU**

**SHERIFFS OFFICE OF**               **MAGISTRATE JUDGE WHITEHURST**
**LAFAYETTE PARISH ET AL**

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of pro se plaintiff, Jonathan Plouet, filed on March 11, 2019. Plouet, currently incarcerated at the Lafayette Parish Correctional Center (LPCC) in Lafayette, Louisiana, names Lafayette Parish Sheriff's Office, Deputy Rice and Deputy Tuscon as defendants. He seeks punitive and compensatory damages.

On March 28, 2019, the undersigned ordered plaintiff to amend his complaint to provide additional details regarding his claims. [Rec. Doc. 5] Plaintiff filed an Amended Complaint on June 12, 2019 [Rec. Doc. 10] and Amended Exhibits on June 26, 2019 [Rec. Doc. 11].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## *Statement of the Case*

On December 17, 2018, plaintiff was involved in a chase with police. Following the chase, and after striking the officer's car with his vehicle, Plouet jumped out of his car and climbed a tree. Police drew guns on him and ordered him down. He alleges that he climbed down from the tree and before he could get one foot on the ground, he was attacked by the K-9, which bit his right leg. According to the police report, which plaintiff contends is "vague and leaves things out," plaintiff was given multiple loud verbal commands to crawl over to law enforcement and the dog would be removed from his leg, which he "eventually" did. [Rec. Doc. 10-1]

Plouet was then handcuffed and taken to Our Lady of Lourdes where he had emergency surgery, receiving approximately 25 staples. He was in a wheelchair for three weeks and on crutches for two weeks. According to his Amended Complaint, he is not receiving any of the "needed physical therapy." [Rec. Doc. 10, p. 2]

He was charged with Aggravated Flight from an Officer, Aggravated Assault on a Peace Officer, Unauthorized Use of a Movable, Possession of Marijuana and Possession of Schedule II Penalties Methamphetamine. [Rec. Doc. 10-1]

**Law and Analysis**

    1. **Frivolity Review**

Plouet has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

2. **Defendants**

   a. **Sheriff's Office of Lafayette Parish**

Plaintiff has named the Lafayette Parish Sheriff's Office as a defendant. However, Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether LPSO has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The Lafayette Parish Sheriff's Office is not a separate legal entity capable of being sued. *Lavergne v. Lafayette Parish Sheriff's Office*, 2014 U.S. Dist. LEXIS 30147 (W.D. La. 2014) (*citing See Hicks v. Tarrant County Sheriff's Dept*., 352 Fed. Appx. 876, 878, 2009 WL 2762378, *1 (5th Cir. 2009) (internal citations omitted). Accordingly, plaintiff's suit against this non-juridical entity is frivolous.

## 3. Claims

### a. Excessive Force

Plouet claims that he was subjected to excessive force by three officers during his arrest[1]. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question." *Id*. A § 1983 claim falls under the rule of *Heck* only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).

The *Heck* rule does not apply to pending criminal charges. *See Id*. at 393-94. If a plaintiff files a claim of unlawful arrest before he has been convicted, or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court to stay the civil action until the criminal case has ended. *See Id.*

Plaintiff did not provide the Court with the status of the criminal charges brought against him in connection with the arrest that gave rise to the instant suit,

---

[1] In his Original Complaint, plaintiff asserted claims against Deputy Toussaint and Deputy Rice and a third unknown officer. [Rec. Doc. 1, p. 5] In his Amended Complaint, plaintiff reiterates that there were three officers involved, including the Deputy Jamal Toussaint, originally named, but adding Lafayette Police K-9 Officer Kendall Sam, and stating that the third officer was either Deputy Glen Rice or Deputy Andrew Bonner. [Rec. Doc. 10, p. 1] Should plaintiff's criminal charges be reversed, expunged, invalidated or otherwise called into question, and this matter moves forward, the issue of proper defendants will be addressed prior to service of the suit.

5

despite being ordered by this Court to do so. *See* Rec. Doc. 5, p. 3. The Court will presume that the charges are still pending. If Plouet is convicted of the charges related to his altercations with the arresting officers, an award of damages would imply the invalidity of the conviction(s). Thus, Plouet's claim of excessive force should be stayed pending the outcome of his criminal proceeding.[2]

### b. Medical Care

Finally, Plouet also complains that he has been denied medical treatment for injuries sustained in connection with the arrest at the hands of the K-9 officer. As discussed above, the Court presumes that the plaintiff is a pretrial detainee. Accordingly, his constitutional rights flow from the Fourteenth Amendment Due Process Clause. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), *quoting Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission. Under the episodic

---

[2] If, at this time, there has been an adjudication in the state court on the underlying criminal charges, plaintiff should notify the Court immediately and provide any documentation from the state court regarding same.

act standard, a plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff was ordered to amend his complaint to provide the Court with more details regarding his claim, specifically, copies of grievance forms/request forms/sick call requests sent to prison officials, copies of any correspondence received from prison doctor or nurse, facts to establish deliberate indifference on the part of each named defendant who allegedly failed to provide medical care and specific injuries and the harm sustained as a result of the defendants' failure to provide medical care. Plaintiff failed to comply with the Court's order. Instead, he

only provided more details regarding his initial injury, for which he admittedly received medical care. He provides that after the incident with the K-9, "an ambulance was called to the scene, I was rushed to Our Lady of Lourdes hospital and surgery was performed due to a major injury to my leg." [Rec. Doc. 10, p. 2]

He provides additional details regarding the injury to his leg. However, the fact that plaintiff continues to suffer from the injury is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).

Finally, to the extent that plaintiff complains that he is not receiving any of the "needed physical therapy," he has not alleged, despite being given the opportunity by this Court to do so, any facts to establish that physical therapy was ordered by a physician and that the prison officials have failed to provide same. Accordingly, he has failed to state a claim of deliberate indifference to a serious medical need upon which relief can be granted.

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's claims against the Lafayette Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED THAT** the plaintiff's claim for denial of medical care be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED THAT** plaintiff's claim for excessive force during his arrest be **STAYED** pending the outcome of his criminal proceedings, in accordance with the following conditions:

   a. Within 30 days of the date the state court criminal proceedings have concluded, Plouet SHALL FILE a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384, (2007).

   b. If the criminal proceedings are not concluded within six months from the date of this order, Plouet SHALL FILE a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six months thereafter until the stay is lifted.

   c. In light of the stay, Plout SHALL NOT file any more documents related to his excessive force claim until the state court proceedings have concluded.

Failure to comply with this order may result in dismissal of the claim under Rule 41(b) of the Federal Rules of Civil Procedure. S*ee Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 1st day of October, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE