UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JONATHAN R PLOUET #465656**  **CASE NO. 6:19-CV-00315 SEC P**

**VERSUS**  **JUDGE MICHAEL J. JUNEAU**

**SHERIFFS OFFICE OF LAFAYETTE**  **MAGISTRATE JUDGE WHITEHURST**
**PARISH ET AL**

### REPORT AND RECOMMENDATION

Before the court is a civil right complaint filed by plaintiff Jonathan R. Plouet, who is proceeding pro se and in forma pauperis. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.  Background**

Before the court is the civil rights complaint (42 U.S.C. § 1983) of pro se plaintiff, Jonathan Plouet, filed on March 11, 2019. Plouet was incarcerated at the Lafayette Parish Correctional Center in Lafayette, Louisiana at the time he filed the instant suit alleging denial of medical care and the use of excessive force on the part of the named defendants, Lafayette Parish Sheriff's Office, Deputy Rice and Deputy Tuscon. Rec. Doc. 1.

On October 1, 2019, the undersigned recommended dismissal of the Lafayette Parish Sheriff's Office and plaintiff's claim for denial of medical care. Rec. Doc. 12. As to claims of excessive force on the part of Deputies Rice and Tuscon, the matter was stayed pending the outcome of the criminal proceedings pending against plaintiff in state court. *Id*.

On January 22, 2020, Plouet informed the Court that on December 5, 2019, he pled guilty to a charge of aggravated flight. Rec. Doc. 14. The charges of unauthorized use of a movable and aggravated assault were dismissed pursuant to the plea agreement and plaintiff intended to proceed with the civil rights suit pending before this Court. *Id*. The Court construed this request as a Motion to Lift Stay.

Accordingly, on February 19, 2020, the stay was lifted. The plaintiff was provided service documents and ordered to complete the documents and return them to the Clerk of Court for service. Rec. Doc. 15. On March 6, 2020, the Court's Order was returned, marked "return to sender, released or transferred." Rec. Doc. 16.

## II.    Law & Application

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Plouet has failed to comply with an Order directing him complete and return service documents. This failure on his part warrants dismissal.

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for

failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Petitioner did not inform the Court of an address change within thirty days of his transfer or release.

### III.   Conclusion

Accordingly,

**IT IS RECOMMENDED** that Plouet's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Local Rule (LR) 41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of May, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE